```
 1  LAW OFFICE OF DAVID GRABILL
    David Grabill (SBN 46758)
 2   dgrabill@gmail.com
    1930 Alderbrook Lane
 3  Santa Rose, CA 95405
    Tel:  (707) 528 6839
 4  Fax:  (707) 780 1585

 5  Attorney for Plaintiff Shalene Steward
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALENE STEWARD, | Case No. |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES |
| vs. | ------------------------------------- |
| TERESA THURMAN, TRISHA THURMAN DENNEY and ELAINE T. SMITH dba WINE COUNTRY RV PARK SONOMA, HOUSER HOLDINGS AZ, LLC, FRANK BREYER and SHIRLEY X, | |
| Defendants. | |

**I. INTRODUCTION**

1.   This action is brought seeking injunctive and declaratory relief and damages by the plaintiff SHALENE STEWARD against the defendants, TERESA THURMAN, TRISHA THURMAN DENNEY and ELAINE T. SMITH doing business as WINE COUNTRY RV PARK SONOMA (the "PARK") located at 7450 Cristobal Way, Rohnert Park, California, HOUSER ENTERPRISES CA, an entity which, on information and belief, operates the PARK, FRANK BEYER, the manager of the PARK, and SHIRLEY X (last name unknown) the Assistant Manager of the PARK.

2.   Plaintiff suffers from various physical and mental health impairments which substantially limit her major life activities and which constitute disabilities under applicable federal and state laws. At the request of a person with a disability, a housing provider must make reasonable accommodations in rules, policies, practices or

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling. Plaintiff alleges that, in seeking to remove her and her family from the PARK, the Defendants have taken actions against her that violate their obligations under the federal Fair Housing Act, 42 USC §3604 *et seq.* (FHA) and laws of the State of California as set forth below.

3. The FHA and the California Fair Employment and Housing Act prohibit housing discrimination on the basis of disability. It is illegal "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). The FHA defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." Id. at § 3604(f)(3)(B).

4. The WINE COUNTRY RV PARK SONOMA is a 152-space "Recreational Vehicle Park" established in the late 1960's in the City of Rohnert Park, Sonoma County, California and subject to the California Recreational Vehicle Park Occupancy Law, Civil Code §§ 799.20 *et seq.*. The PARK consists of a mix of "*residents*" - persons who have lived there for more than nine months (see Civil Code §799.31), "*tenants*" - persons who have occupied a lot for less than nine months but more than thirty days (see Civil Code §799.32), and "*occupants*" who have occupied a lot for 30 days or less (see Civil Code §799.28). The great majority of lots in the PARK are occupied by *residents* who have lived in their assigned spaces for more than thirty days and *tenants* who have occupied a lot in the park for more than 30 days.

5. The Plaintiff brings this action seeking injunctive and declaratory relief and damages for violation of the Fair Housing Act (42 U.S.C. § 3601 *et seq.*), and related state laws.

//

//

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

## II. JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims under the Fair Housing Act arise under the laws of the United States. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims under state law because Plaintiff's state law claims relate to Plaintiff's federal law claims, arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper because Plaintiff's claims arise from unlawful conduct occurring in Sonoma County, California and the real property that is the subject of this action is located in Sonoma County, California.

## III. INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2(c), assignment to the San Francisco Division is proper because the claims alleged herein arose in Sonoma County, California.

## IV. PARTIES

9. Plaintiff Shalene Steward is over 18 years old and a resident of Sonoma County, California. She lives in her recreational vehicle (RV) at Lot 5V in the Wine Country RV Park Sonoma in Rohnert Park, California with her three minor children. The RV in which she and her children live is the family's only home.

10. Plaintiff has, at all times relevant, occupied the lot designated as Space 5V in the PARK. Her RV is furnished with electric service, and water and sewer service by the PARK, and is a "dwelling" within the meaning of the federal Fair Housing Act, 42 U.S.C. § 3602(b); a "housing accommodation" within the meaning of the California Fair Employment and Housing Act, California Government Code § 12927(d). The PARK is a "business establishment" within the meaning of the California Unruh Civil Rights Act, Civil Code § 51(b).

11. Based on public records, Plaintiff is informed and believes, and thereon alleges, that defendants TERESA THURMAN, TRISHA THURMAN DENNEY and

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

1  ELAINE T. SMITH dba Wine Country RV Park have at all times relevant been the
2  owners of the premises of the Wine Country RV Park Sonoma.
3      12.     Based on public records, Plaintiff is informed and believes, and thereon
4  alleges, that defendant HOUSER HOLDINGS AZ, LLC has at all times relevant
5  operated the Wine Country RV Park Sonoma.
6      13.     Based on information and belief, Plaintiff alleges that defendant FRANK
7  BREYER has, at all times relevant, been employed by the Wine Country RV Park
8  Sonoma as the on site manager of the PARK. He is referred to herein as the Manager
9  of the PARK. On information and belief, Plaintiff alleges that defendant SHIRLEY X
10 has, at all times relevant, been employed by the Wine Country RV Park Sonoma as the
11 assistant manager of the PARK. Her last name is unknown to the Plaintiff at this time.
12 She is referred to herein as the Assistant Manager of the PARK.

### V. FACTS

14     14.     The Plaintiff and her three minor children, ages 9. 12 and 15, moved into
15 the PARK on August 1, 2014. She informed the PARK Manager at the time she moved
16 in that she would be enrolling her children in nearby public schools and hoped to live in
17 the PARK for an indefinite period of time. The PARK Manager accepted a month's rent
18 from her and assigned her to Space 5V or 5 Varda. The PARK Manager informed her
19 that Space 5V lot is a space normally occupied by "month-to-month" tenants. She was
20 informed that she could occupy Space 5V as a month to month tenant, provided she
21 paid the rent and complied with park rules, but the PARK would require that she move
22 her RV to a different lot or space prior to nine months occupancy so that she would not
23 qualify as a "resident" of the PARK.
24     15.     A few weeks after moving in to Space 5V, Plaintiff reported a problem with
25 the electrical service for Space 5V to the PARK management. She reported that the
26 problem had caused her television to emit a smoke-like odor, and she feared that the
27 problem could cause serious damage to her RV and possible injury to herself and her
28 children. The electrical problem appeared to affect other nearby RV's in the PARK. On

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

August 29, 2014, Plaintiff was served with a "72-hour Notice" by the PARK. The notice demanded that she remove her RV from the PARK within 72 hours, or Plaintiff would have the authority to have the RV removed from the park and taken to the nearest secured storage facility pursuant to Civil Code Section §799.58. Shortly after receiving the 72-hour notice on August 29, Plaintiff informed the PARK both verbally and in writing that she had health impairments which constitute disabilities. She requested that she be allowed to continue living in the PARK as a reasonable accommodation on account of her disabilities. A copy of the Plaintiff's written request for reasonable accommodation is attached hereto as Exhibit 1.

16  When she attempted to hand the written request to defendant SHIRLEY X, the Assistant Manager, the Assistant Manager refused to accept it. She yelled "you're crazy" and other very derogatory epithets at the Plaintiff. As Plaintiff turned to walk away, defendant SHIRLEY X physically attacked her, striking the back of her head with her fist causing her severe pain and causing her to nearly lose consciousness. Plaintiff went immediately to a nearby hospital for treatment of the injury.

17.  Since the assault, the Defendants have threatened repeatedly to forcibly remove Plaintiff and her children from the PARK. These continuing threats have put her in almost constant fear for her safety and health, and for the safety and health of her children. On the morning of September 17, 2014 Defendants attempted to forcibly evict the Plaintiff and her family from the PARK. Police officers from the City of Rohnert Park were present at Defendants' request to assist with the forcible eviction and removal of Plaintiff's RV from the PARK. Plaintiff was able to call her attorney, who explained to the police officers that Plaintiff was not an "occupant" of the park, but rather a "tenant" and could only be evicted via a civil unlawful detainer action. The officers thereupon advised the Defendants that a forcible eviction of the family could only be done by the PARK through a civil unlawful detainer proceeding. On September 18, 2014, the Defendants served Plaintiff with a notice ordering her to vacate the PARK within thirty (30) days. Plaintiff again requested in writing that she be allowed to continue living in

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

the PARK as a reasonable accommodation to her disabilities. Defendants have not responded to her request, a copy of which is attached as Exhibit 2.

### J. INJURIES

18. The Plaintiff has been injured by the discriminatory and unlawful conduct of the Defendants. Her injuries include violation of her civil rights and right to reasonable accommodation, personal injury, including physical injuries, humiliation, discomfort, aggravation, degradation, embarrassment, and emotional distress. She is entitled to compensatory damages.

19. In doing the acts of which Plaintiff complains, Defendants and their agents and employees intentionally and/or recklessly violated Plaintiff's rights protected under both federal and state laws. Accordingly, Plaintiff is entitled to punitive damages, and to treble damages pursuant to California Civil Code §3345.

20. There now exists an actual controversy between the parties regarding Defendants' duties under federal and state civil rights laws. Accordingly, Plaintiff is entitled to declaratory relief under federal and state law.

21. Unless enjoined, Defendants and their agents and employees will continue to engage in the unlawful acts described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' acts and the pattern or practice of discrimination unless relief is provided by this Court. Accordingly, Plaintiff is entitled to injunctive relief under federal and state law.

### VI. CLAIMS

#### A. FIRST CLAIM

**[Fair Housing Act, 42 U. S. C. § 3601 *et seq*.]**

*[Plaintiff vs. All Defendants]*

22. Plaintiff realleges and incorporates by reference all previous paragraphs

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

in this complaint.

23. Defendants injured Plaintiff by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

### B.  SECOND CLAIM

**[Fair Employment and Housing Act, Gov't Code §§ 12927, 12955 *et seq*.]**

*[Plaintiff vs. All Defendants]*

24. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

25. Defendants injured Plaintiff by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, Government Code §§ 12927 and 12955 *et seq*.

### C.  THIRD CLAIM

**[California Unruh Civil Rights Act, Civil Code §§ 51, 52]**

*[Plaintiff vs. All Defendants]*

26. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

27. Defendants injured Plaintiff in violation of the Unruh Civil Rights Act by engaging in discriminatory housing practices in connection with the ownership and operation of the Wine Country RV Park Sonoma, a business establishment within the meaning of Civil Code § 51.

28. Accordingly, for each offense, the Plaintiff is entitled to actual damages; to an amount up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000); and to attorneys' fees that may be determined by the Court.

### D.  FOURTH CLAIM

**[Negligence]**

*[Plaintiff vs. All Defendants]*

29. Plaintiff realleges and incorporates by reference all previous paragraphs

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

in this complaint.

30. Defendants owed Plaintiff a legal duty to operate the PARK in a manner free of discrimination on the basis of disability. Defendants negligently violated that duty by failing and refusing to grant her reasonable accommodation.

31. Defendants, their agents, and employees also owed Plaintiff a legal duty not to threaten, harass, taunt and assault her. Defendants breached that duty as set forth above, and by assaulting, taunting and harassing her on August 29, 2014, and by attempting to forcibly remove the Plaintiff, her family and her home from the PARK on September 17, 2014.

32. As a direct and proximate result of Defendants' unlawful acts and failures to act, Plaintiff has suffered damages.

### E. FIFTH CLAIM

### [Breach of the Covenant of Quiet Use and Enjoyment]

*[Plaintiff vs. All Defendants]*

33. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

34. Defendants injured the Plaintiff by infringing upon her right to the quiet use, enjoyment and possession of her home, including her private right of occupancy of Lot 5V in the PARK, in violation of Civil Code §§ 1927 and 1940.2.

### F. SIXTH CLAIM

### [Tortious Breach of the Warranty of Habitability]

*[Plaintiff vs. All Defendants]*

35. Plaintiff realleges and incorporates by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

36. The acts and omissions of the Defendants alleged herein were committed intentionally and in reckless disregard for the safety, comfort, health and well-being of the Plaintiff.

37. The Defendants' acts and omissions were knowing, intentional, willful, and

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

malicious, and were done with full knowledge of the discomfort, harm and annoyance which said failure would cause the Plaintiff.

38. As a direct and proximate result of Defendants' tortious breach of the warranty of habitability, Plaintiff has sustained injury, and seeks damages in an amount according to proof, and equitable relief.

## VII. RELIEF

Wherefore, Plaintiff prays for entry of judgment against Defendants that:

1. Awards compensatory and punitive damages according to proof;
2. Awards statutory damages pursuant to the Unruh Civil Rights Act;
3. Awards treble damages to Plaintiff pursuant to California Civil Code §3345
4. Declares that Defendants have violated the provisions of the applicable federal and state laws;
5. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to Plaintiff and all persons regardless of disability;
6. Awards costs of this action, including reasonable attorneys' fees to Plaintiff.
7. Awards all such other relief as the Court deems just.

Dated: October 5, 2014

David Grabill
dgrabill@gmail.com
Attorney for Plaintiff

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF**

## VERIFICATION

I, SHALENE STEWARD, declare under penalty of perjury under the laws of the State of California that the facts set forth in the above Complaint therein are true based on my personal knowledge, except those facts set forth on information and belief, which I believe to be true.

Executed October 4, 2014 at Santa Rosa, CA.

_____
SHALENE STEWARD

COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF